# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL HENRY MELTON,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:12-cv-01791-JCM-CWH

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss some grounds, and the court will serve the petition upon respondents for a response to the remaining grounds.

    In the Eighth Judicial District Court of the State of Nevada, petitioner was charged with burglary and attempted grand larceny. Pursuant to a plea agreement, petitioner pleaded guilty to grand larceny. Apparently, this was a fictitious charge, and petitioner agreed to waive any defects. See Melton v. State, No. 60224, at 2-3 (Nev. Sept. 12, 2012) (attached as exhibit to petition). The state district court determined that petitioner was a habitual criminal pursuant to Nev. Rev. Stat. § 207.010(1)(b) and sentenced petitioner to life imprisonment with eligibility for parole beginning after ten years. Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner also pursued post-conviction remedies in the state courts, without success. Petitioner then commenced this action.

1    Petitioner divides each ground for relief into parts. His methods of designating those parts
2 are inconsistent across the grounds, probably because the grounds are photocopies of documents
3 that petitioner has filed with the state courts at different times.
4    In ground 1(II), petitioner claims that the adjudication of him as a habitual criminal was
5 contrary to the legislative intent behind § 207.010. In this part of ground 1, petitioner does not
6 present any claim "that he is in custody in violation of the Constitution or laws or treaties of the
7 United States," which is a requirement for federal habeas corpus relief. 28 U.S.C. § 2254(a).
8 Petitioner presents only a claim that his punishment violates state law. "[A]lleged errors in the
9 application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d
10 1380, 1389 (9th Cir. 1996). Ground 1(II) is without merit, and the court dismisses it.
11    In ground 1(III), petitioner claims that the trial court improperly considered one prior felony
12 conviction for which there was insufficient proof. "[A] certified copy of a felony conviction is
13 prima facie evidence of conviction of a prior felony." Nev. Rev. Stat. § 207.016(5). The
14 prosecution presented nine prior felony convictions and conceded that it did not have a certified
15 copy of the judgment in one of those convictions. An adjudication under the "large" habitual-
16 criminal statute requires proof of three prior felony convictions. Nev. Rev. Stat. § 207.010(1)(b).
17 Petitioner does not challenge the validity of proof of the other eight prior felony convictions, and
18 they were more than sufficient to satisfy the requirements of § 207.010(1)(b). Ground 1(III) is
19 without merit, and the court dismisses it.
20    Petitioner has divided ground 2 into three parts: 2A, 2B, and 2C. Ground 2 contains claims
21 of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must
22 demonstrate (1) that the defense attorney's representation "fell below an objective standard of
23 reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's
24 deficient performance prejudiced the defendant such that "there is a reasonable probability that, but
25 for counsel's unprofessional errors, the result of the proceeding would have been different," id. at
26 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the
27 inquiry in the same order or even to address both components of the inquiry if the defendant makes
28 an insufficient showing on one." Id. at 697.

In ground 2B(c), petitioner claims that counsel was ineffective when he stipulated that the prosecution had the required certified copies of judgments of conviction for habitual-criminal adjudication, because they had not been filed properly with the court. The prosecution must prove the existence of the prior judgments, but it is not necessary for the trial court to formally admit into evidence the certified copies of the prior judgments. Hymon v. State, 111 P.3d 1092, 1103 (Nev. 2005). As noted above in ground 1(III), the existence and validity of eight prior judgments was not in dispute, and those eight judgments satisfied the requirements of Nev. Rev. Stat. § 207.010(1)(b). The stipulation was not ineffective assistance of counsel. The court dismisses ground 2B(c).

In ground 2B(e), petitioner claims that counsel failed to object to the trial court accepting the unproven judgment of conviction in its adjudication of petitioner as a habitual criminal. As noted above in ground 1(III), the prosecution did not have a certified copy of one judgment of conviction, but the remaining eight judgments were not in dispute. Those eight judgments satisfied the requirements of Nev. Rev. Stat. § 207.010(1)(b). The lack of objection was not ineffective assistance of counsel. The court dismisses ground 2B(e).

At the top of page 5e are three short paragraphs designated "a," "b," and "c." It is unclear whether petitioner intended them to be a part of ground 2B, because the designations of the paragraphs are redundant with other paragraphs in ground 2B. Regardless, they repeat allegations that petitioner makes in ground 2A, and the court dismisses them.

Ground 2C appears to be a photocopy of a reply brief that petitioner filed in his state habeas corpus proceedings, after the respondents had filed their opposition. As a ground for relief in a federal habeas corpus petition, it contains multiple defects. First, it refers to documents, and the facts and arguments in those documents, that the court does not possess. Second, most of ground 2C repeats claims that petitioner has made elsewhere in the petition. Third, to the extent that ground 2C is not repetitive, petitioner is arguing about errors in the state post-conviction proceedings. Those errors are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). For these reasons, the court dismisses ground 2C.

Petitioner has submitted a motion for appointment of counsel (#2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially

eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that grounds 1(II), 1(III), 2B(c), 2B(e), 2C, and paragraphs a, b, and c on page 5e of the petition are **DISMISSED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the remaining grounds in the petition. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that the motion for appointment of counsel (#2) is **DENIED**.

DATED: January 15, 2013.

_____
JAMES C. MAHAN
United States District Judge