# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Paul Henry Melton,

     Petitioner,

vs.

D. W. Neven, et al.,

     Respondents.

**Case No. 2:12-cv-01791-JAD-NJK**

Order Denying Petition for Writ of Mandamus

**[ECF 5]**

Nevada state prison inmate Henry Paul Melton brings this federal habeas-corpus action challenging his state-court conviction and sentence for grand larceny.[1]  Petitioner argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment and that the trial court considered improper information at his sentencing.  He also argues that he received ineffective assistance of counsel.  Because petitioner has not shown that the Nevada Supreme Court's denial of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it was based on an unreasonable determination of the facts in light of the evidence presented, I dismiss his remaining claims[2] for relief and deny his petition.  And because petitioner has not made a substantial showing that any of his constitutional rights were denied, I decline to issue him a certificate of appealability.

## Background

Petitioner did not go to trial, but a preliminary hearing developed the essential facts of the state's case against him.  Petitioner entered a K-Mart store and put tools worth more than $800 into his cart while the store's security officer watched.  Petitioner then went into the garden section of

---

[1] ECF 5.

[2] This court previously dismissed Grounds 1(II), 1(III), 2B(c), 2B(e), paragraphs 1–3 at top of page 5e (which were redundant with other parts of ground 2), and 2C in an order dated January 15, 2013.  ECF 4.

1   the store and tried unsuccessfully to shove one tool through the gap between two gates.  The security

2   officer then detained petitioner and called police.  After receiving the required warnings, petitioner

3   admitted to the police officer that he entered the store with the intent to steal the tools because

4   somebody offered to pay him for the stolen tools.[3]

5           Petitioner was charged with burglary and attempted grand larceny, with the value of the tools

6   attempted to be stolen in excess of $250.[4]  On the day of the trial, petitioner agreed to plead guilty to

7   grand larceny, with the value of the tools attempted to be stolen $2,500 or more.[5]  The burglary and

8   attempted grand larceny charges were dismissed.

9           Both the parties and the trial court acknowledged that the charge of grand larceny was

10  fictitious;[6] the fictitious charge served the interests of both parties: burglary is a category B felony

11  that carries a minimum term of not less than 1 year and a maximum term of not more than 10 years

12  imprisonment.  Petitioner was ineligible for probation for the burglary charge because he had a prior

13  burglary conviction.[7]  At the time petitioner committed these crimes, grand larceny of property

14  between $250 and up to $2,500 in value was a category C felony.[8]  Grand larceny of property $2,500

15  or greater in value, the charge to which petitioner pleaded guilty, was also a category B felony

16  carrying a 1–10 year penalty.[9]  But unlike burglary, grand larceny has no bar on probation for a

17  person with prior theft convictions.

18

19          [3]  ECF 10-10 at 5–10, 16–17.  This is a rough-draft transcript with four pages on each sheet
20  of paper.  The page numbers cited differ considerably from the pages generated by the court's
    electronic filing system.

21          [4] ECF 11-28.

22          [5] ECF 11-29, 11-31.

23
24          [6] ECF 11-30 at 3.

25          [7] NEV. REV. STAT. § 205.060(2).

26          [8] NEV. REV. STAT. § 205.222(2) (1997).

27          [9] NEV. REV. STAT. § 205.222(3) (1997).  An amendment to NEV. REV. STAT. § 205.222 in
28  2011, after petitioner committed the crime and after the judgment of conviction had become final,
    raised the value threshold for a category B felony to $3,500.

1    The fictitious charge of grand larceny of property $2,500 in value or greater served the

2    state's interest because the prison sentence for the crime itself would be the same as for burglary.

3    The state also retained the right to argue for adjudication of petitioner as a habitual criminal under

4    NRS § 207.010.  And as for petitioner, he would be eligible for probation with this fictitious crime

5    and, if the court determined not to adjudicate him as a habitual criminal, he removed the risk of

6    being convicted of attempted grand larceny and having that prison sentence run consecutive to the

7    sentence for burglary.

8    The state district court determined that petitioner was a habitual criminal under NRS

9    § 207.010(1)(b) and sentenced him to life imprisonment with parole eligibility starting after 10

10   years.[10]  Petitioner appealed, and the Nevada Supreme Court affirmed.[11]  Petitioner then filed a

11   habeas petition in the state district court.[12]  The state district court denied the petition;[13] the Nevada

12   Supreme Court affirmed.[14]

13   Petitioner then commenced this action.  This court previously dismissed some of petitioner's

14   claims in a January 15, 2013, order and ordered respondents to answer the remaining grounds.[15]

15   Respondents have answered the remaining grounds.  I now consider petitioner's remaining claims.

**Discussion**

16

17   **A.    28 U.S.C. § 2554(d)**

18   A federal court may not grant an application for a writ of habeas corpus on behalf of a

19   person in state custody on any claim that was adjudicated on the merits in state court unless the state

20   court decision (1) was contrary to, or involved an unreasonable application of, clearly established

21   _____

22   [10] ECF 11-37.

23   [11] ECF 11-47.

24   [12] ECF 11-49.

25   [13] ECF 12-59.

26   [14] ECF 12-63.

27   [15] ECF 4.

28

federal law as determined by United States Supreme Court precedent or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[16]  If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[17]

In making these determinations, federal habeas courts look to the last reasoned state court decision.[18]  "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[19]  To the extent no reasoned opinion exists, courts must independently review the record to determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively unreasonable.[20]

**B.     Eighth Amendment Violations (Ground 1)**

**1.     Cruel and Unusual Punishment**

Petitioner argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments.  The Nevada Supreme Court rejected this argument.  The court reasoned that the sentence imposed by the trial court was within statutory limits and concluded that the 10-year sentence was not grossly disproportionate.[21]  Because the Nevada Supreme Court's

---

[16] 28 USC § 2554(d).

[17] *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[18] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[19] *Yist v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[20] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

[21] ECF 11-47 at 1–2.

-4-

decision was not contrary to federal law nor based on an unreasonable interpretation of the facts in light of the evidence presented, I decline to grant petitioner federal habeas relief on this claim.

### 2. Errors at Sentencing

Petitioner next claims that the trial court erred by considering his misdemeanor convictions and other pending charges in deciding whether to impose a habitual-criminal sentence. The Nevada Supreme Court rejected these arguments. It found that there was no indication that the district court considered prior misdemeanor convictions or pending charges in concluding that petitioner was eligible for habitual-criminal adjudication. The court then pointed out that the district court did not err by considering petitioner's prior misdemeanor convictions and pending charges in determining the appropriate sentence after the habitual-criminal adjudication had been made.[22]

No decision of the United State Supreme Court has held that a sentencing court may not consider all relevant evidence and information in imposing a sentence once the necessary elements for a finding of habitual criminality have been met. Therefore, the Nevada Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law, and petitioner is not entitled to relief on these grounds.

### C. Ineffective Assistance of Counsel (Ground 2)

### 1. Failure to Investigate

Petitioner argues that trial counsel was ineffective for failing to investigate his case. The Nevada Supreme Court rejected petitioner's IAC claim because he failed to support it with any specific facts: e.g., he did not identify any defenses or explain what trial counsel should have investigated.[23] The Nevada Supreme Court's determination that petitioner failed to prove his IAC claim was a reasonable application of *Strickland*. Accordingly, petitioner's IAC claim fails.

### 2. Failure to Communicate and Conflict of Interest

Petitioner next argues that his trial counsel was ineffective for failure to communicate and trying to "belittle" him. The Nevada Supreme Court rejected this claim, finding that petitioner

---

[22] ECF 11-47 at 2.

[23] ECF 12-63 at 2.

1    failed to show that he was prejudiced because he did not show that there was a reasonable

2    probability that, with further communication with counsel, he would have elected to proceed to trial.

3    The court also concluded that petitioner failed to show an actual conflict of interest that adversely

4    affected counsel's performance.[24]

5         The Nevada Supreme Court's determination was reasonable.  The evidence developed at the

6    preliminary hearing alone is enough to convict petitioner of burglary.[25]  The state still would have

7    sought habitual-criminal treatment, and petitioner would have been ineligible for probation because

8    of his prior convictions for burglary.  In light of that evidence and petitioner's criminal history, the

9    Nevada Supreme Court's determination was a reasonable application of *Strickland.*

10        Though petitioner offers counsel's comments to show a conflict of interest, a conflict of

11   interest occurs only when an attorney is representing two clients with opposing interests or

12   otherwise has an active interest that is adverse his client's.  Petitioner did not allege any facts

13   showing that counsel had actual, conflicting interests.  What petitioner describes is, at most, a

14   personal conflict between him and his counsel.  The Nevada Supreme Court's determination that

15   petitioner had not proven the existence of an actual conflict of interest was reasonable.

16        Additionally, I agree with respondents about the nature of counsel's comments to petitioner.

17   The Sixth Amendment does not guarantee petitioner a conflict-free relationship with his counsel,

18   but it does protect him if "the conflict between [him] and his attorney prevented effective assistance

19   of counsel."[26]  Counsel's comments did not even come close to preventing effective assistance of

20   counsel.  Sometimes, effective assistance of counsel is blunt, honest advice.  If petitioner went to

21   trial, then he likely would have been convicted of burglary, and he would have gone to prison

22   because he was ineligible for probation.  If what petitioner says is true, then counsel provided

23

24

25

26   [24] ECF 12-63 at 2.  *See Clark v. State*, 831 P.2d 1374, 1376 (Nev. 1992).

27   [25] *See* NEV. REV. STAT. § 205.060(1).

28   [26] *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc) (internal citations omitted).

accurate advice. Pleading guilty gave petitioner the opportunity for probation. It was not much of an opportunity—petitioner has an extensive history of recidivism—but it was better than nothing.

### 3. Advice to Plead Guilty

Petitioner also argues that his counsel was ineffective for advising him to plead guilty even though counsel knew that the prosecution could not prove the elements necessary to convict on that charge. The Nevada Supreme Court rejected this argument, reasoning that petitioner repeatedly acknowledged that the grand larceny charge was fictitious and that he was waiving any defects on that charge because the plea bargain was in his best interest.[27]

The Nevada Supreme Court's ruling was reasonable. As the court pointed out, at the plea hearing and in the written plea agreement, petitioner admitted that he was pleading guilty to a fictitious crime because he would be eligible for probation if the district court decided not to adjudicate him as a habitual criminal.[28] Accordingly, I decline to grant petitioner relief on this basis.

### 4. Failure to Advise about Eligibility for Habitual-criminal Adjudication

Petitioner claims that his counsel was ineffective for failing to advise him properly about his eligibility for habitual-criminal adjudication. The Nevada Supreme Court rejected this argument, finding that petitioner could not show prejudice:

> The plea agreement informed appellant of the potential penalties and the fact that sentencing decisions were left to the discretion of the district court. Appellant was personally canvassed about the potential penalties he faced, he affirmed his understanding that he could be adjudicated under the large habitual criminal statute, and he affirmatively acknowledged that his decision to enter a guilty plea was not motivated by any promises not contained in the written guilty plea agreement. Appellant's mere subjective belief regarding sentencing was insufficient to invalidate his decision to enter a guilty plea.[29]

The Nevada Supreme Court's decision was reasonable. Petitioner acknowledged in the written plea agreement that he risked being adjudicated a large habitual criminal and the court

---

[27] ECF 12-63 at 2–3.

[28] ECF 11-30 at 8.

[29] ECF 12-63 at 3 (citing *Rouse v. State*, 541 P.2d 643, 644 (Nev. 1975)).

thoroughly canvassed petitioner on the consequences of his plea.[30]  Petitioner told the court that no one had promised or guaranteed him a particular sentence.[31]  Petitioner is not entitled to relief on this basis.

### 5.    Failure to Prepare for Sentencing

Petitioner also claims that his counsel was ineffective for failing to review the pre-sentence investigation report with petitioner before sentencing and for failing to request a new pre-sentence investigation report after errors were discovered in the original report.  The Nevada Supreme Court rejected both of these arguments, finding that petitioner "failed to demonstrate that he was prejudiced, as he did not show that review of the report with his counsel would have had a reasonable probability of altering the outcome at sentencing."[32]

The Nevada Supreme Court's determination that petitioner failed to demonstrate prejudice is reasonable.  Petitioner alleged in his state petition that the pre-sentence investigation report and the notice of habitual criminality both stated he was convicted of felony resisting arrest when the correct conviction was for resisting arrest without violence.[33]  Even if true,[34] these errors are minor compared to his criminal history that allowed for habitual-criminal adjudication.

### 6.    Failure to Challenge Constitutionality of Nevada's Habitual Criminal Statute

Petitioner claims that his counsel was ineffective for failing to challenge the constitutionality of Nevada's habitual-criminal statute and for failing to argue that the prosecution was selectively

---

[30] ECF 11-30 at 7, 11-31 at 2.

[31] ECF 11-30 at 5, 11-31 at 2..

[32]  ECF 12-63 at 3–4.

[33] ECF 11-49 at 11.

[34] The errors that petitioner alleged in his state habeas corpus petition do not appear to exist. The notice of habitual criminality in the third amended information does not mention resisting arrest.  ECF 11-29 at 3–4.  The pre-sentence investigation report mentions two prior convictions for resisting a police officer, but a judge reviewing the report would see that after the name of each crime was "(M)" for misdemeanor and that the sentences were misdemeanor jail sentences.  ECF 11-35 at 4.  The pre-sentence investigation report also mentioned a conviction for a minor misdemeanor of resisting arrest without violence.  *Id.* at 6.

1   prosecuting him as a habitual criminal.  The Nevada Supreme Court rejected these arguments,

2   finding that petitioner "provided no argument for how the habitual criminal statute was

3   unconstitutional, nor did he demonstrate that the State had chosen to selectively prosecute him as a

4   habitual criminal."[35]

5   　　　The Nevada Supreme Court's ruling is reasonable.  Counsel is not ineffective for failing to

6   raise a futile objection, and under controlling United States Supreme Court precedent[36] any

7   challenge to the Nevada statute would have failed.  Any objection to the state's decision to seek a

8   habitual-criminal adjudication would likewise have been futile because petitioner has not shown

9   that the state's decision was the result of an "unjustifiable" or "arbitrary"[37] classification.

10   　　　**7.   Failure to Argue for Small Habitual-Criminal Adjudication**

11   　　　Finally, petitioner argues that his counsel was ineffective for failing to argue that the court

12   should adjudicate petitioner as a "small" habitual criminal, for which the prison sentence is

13   shorter.[38]  The Nevada Supreme Court rejected this argument in short shrift, finding that the record

14   reveals that counsel did make this argument at sentencing.[39]  At sentencing, counsel argued that the

15   court should not adjudicate petitioner as a habitual criminal and instead sentence him for grand

16   larceny, concurrent with a sentence that had been imposed in another case.[40]  In the alternative,

17   counsel asked the court to give petitioner the lightest possible sentence for a small habitual criminal,

18   

---

19   　　　[35] ECF 12-63 at 4.

20   　　　[36] *See Ewing v. California*, 538 U.S. 11 (2003) (holding that 25 to life sentence for theft of

21   three golf clubs under California's recidivist statute did not violate the Eighth Amendment's

22   prohibition against cruel and unusual punishment).

23   　　　[37] *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

24   　　　[38] *See* NEV. REV. STAT. § 207.010(1)(a).

25   　　　[39] ECF 12-63 at 4–5.

26   　　　[40] At sentencing in this case, the prosecution noted that petitioner had just been sentenced in

27   another case to prison for a minimum of 8 years and a maximum of 20 years, presumably under
NEV. REV. STAT. § 207.010(1)(a).  ECF 11-35 at 5–6.  The sentence in the other case effectively

28   removed any possibility of probation in this case, because petitioner was going to prison no matter
what the judge decided in this case.

1    a minimum of 5 years and a maximum of 20 years.[41]  The Nevada Supreme Court's facts are correct,

2    and its determination was a reasonable application of *Strickland*.

3    **D.    Cumulative Error (Ground 3)**

4           Ground 3 is a claim of cumulative error based on the combined errors made by counsel and

5    the trial court.  Petitioner has raised similar claims on direct appeal, for trial-court error, and on

6    appeal from the denial of his state habeas corpus petition, for ineffective assistance of counsel.  But

7    he has never presented to the Nevada Supreme Court a combined claim of cumulative error.

8    Respondents argue that the combined claim of cumulative error in ground 3 is unexhausted.  Even if

9    petitioner exhausted this claim in state court, it fails on the merits.[42]

10           On direct appeal, the Nevada Supreme Court determined that the cumulative-error claim

11   lacked merit because petitioner did not demonstrate any error.[43]  This was a reasonable

12   determination because the Nevada Supreme Court indeed did not find any trial-court error, and I

13   agree that those underlying determinations were themselves reasonable.

14           The Supreme Court of the United States has never extended the validity of a cumulative-

15   error claim to claims of ineffective assistance of counsel.  The Nevada Supreme Court determined

16   that the ineffective-assistance claim of cumulative error lacked merit because petitioner had not

17   demonstrated any ineffective assistance of counsel.  Because no controlling precedent of the

18   Supreme Court of the United States exists in this area, the Nevada Supreme Court's decision cannot

19   be contrary to, or an unreasonable application of, clearly established federal law.[44]  Ground 3 is

20   without merit.

21

22

23

24   _____

          [41] ECF 12-63 at 4–5.

25

26        [42] *See* 28 U.S.C. § 2254(b)(2).

27        [43] ECF 11-47 at 2.

28        [44] *See Carey v. Musladin*, 549 U.S. 70, 76–77 (2006).

**E.       Certificate of Appealability**

Because I have rejected all of petitioner's claims, I finally consider whether he should be granted a certificate of appeability.  The standard for issuing of a certificate of appeability calls for a "substantial showing of the denial of a constitutional right."[45]  When a district court has rejected the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Having considered all of petitioner's claims under this standard, including his previously dismissed claims, I decline to issue him a certificate of appealability for any of his claims.

<b>Conclusion</b>

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus **[ECF 5]** is **DENIED**.  The Clerk of Court is instructed to enter judgment accordingly and **CLOSE THIS CASE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated:  January 7, 2016.

_____
JENNIFER A. DORSEY
United States District Judge

---

[45] 28 U.S.C. § 2553(c).